COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PEDRO YEBRA, | § | No. 08-11-00078-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20100D00017) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

This case is before the Court on its own motion to consider whether it should be dismissed for lack of jurisdiction. Because Appellant did not file a timely notice of appeal, we must dismiss for lack of jurisdiction.

Appellant was sentenced on October 28, 2010. His court-appointed appellate counsel filed a motion for new trial on December 22, 2010, and a notice of appeal on February 18, 2011. Counsel did not file a motion for extension of time in this Court.

To be timely, a motion for new trial must be filed within thirty days after sentence is imposed. *See* TEX.R.APP.P. 21.4(a). If a timely motion for new trial was filed, the notice of appeal is due no later than ninety days after sentence was imposed. *See* TEX.R.APP.P. 26.2(a)(2). Otherwise, the notice of appeal is due within thirty days after sentence was imposed. TEX.R.APP.P. 26.2(a)(1). To obtain an extension of time to file the notice of appeal, the appellant must file the notice of appeal in the trial court and a motion for extension of time in this

Court within fifteen days of the due date. *See* Tex.R.App.P. 26.3. In this case, neither the motion for new trial nor the notice of appeal was filed within thirty days of the imposition of sentence. Moreover, the notice of appeal was filed more than ninety days after imposition of sentence, and no motion for extension of time was filed.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). "[A] late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time." *Id*.

The Clerk of this Court advised the parties of the Court's intent to dismiss the appeal for lack of jurisdiction because the notice of appeal did not appear to be timely. The letter stated that unless any party could show grounds for continuing the appeal, the appeal could be dismissed without further notice.

Appellant's counsel has submitted a letter in which she explains why the notice of appeal was late, but concedes that the appeal must be dismissed for lack of jurisdiction. Counsel states that she will ask the trial judge to appoint new counsel to pursue a writ of habeas corpus for Appellant. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991).

The appeal is dismissed for lack of jurisdiction.

April 13, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)